# Warne *v.* Johnston, Appellant.

*Evidence—Affidavit of defense—Contract.*

1. On the trial of an action on a contract, the plaintiff may offer in evidence a portion of the affidavit of defense for the purpose of showing the defendant's admission as to what was the terms of the contract, but this does not estop the plaintiff from showing by his own testimony that the contract was not, in all particulars, as admitted or alleged by the defendant.

*Principal and agent—Real estate broker—Commissions—New trial.*

2. When a real estate broker is duly authorized to sell property by private sale and has commenced negotiations with a purchaser, the owner cannot while such negotiation is pending take it into his own hands and complete it either at or below the price first mentioned, and then refuse to pay the commission. If the evidence is conflicting as to whether the broker was the procuring cause of the sale, the case is for the jury.

3. Although the plaintiff by his testimony may have made out a prima facie case which he is entitled to have submitted to the jury, the case is none the less for the jury, if the defendant introduces testimony which, if believed by the jury, would warrant them in finding against the plaintiff.

4. The refusal of a new trial is a matter within the sound discretion of the court below, and is not a sufficient ground of reversible error unless for gross abuse.

*Trial—Charge—Irrelevant remarks.*

5. Remarks by the trial judge in the course of his charge alleged to be irrelevant are not grounds for reversal, where it appears that they could not have misled the jury, and that they were calculated and intended simply to offset an irrelevant suggestion that had been made in the presence of the jury by the defendant's counsel.

Argued April 17, 1911.  Appeal, No. 8, April T., 1911, by J. H. Johnston, from judgment of C. P. Washington County, Nov. T., 1909, No. 198, on verdict for plaintiff in case of William P. Warne v. J. H. Johnston.  Before RICE, P. J., HENDERSON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover commissions on the sale of real estate.  Before McILVAINE, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for plaintiff for $120 on which judgment was entered.

On a motion for a new trial McILVAINE, P. J., filed the following opinion:

The first three reasons assigned in the motion for a new trial will be considered upon the motion for judgment non obstante veredicto.  That leaves for consideration on this motion the fourth reason which is as follows:

The court erred in instructing the jury that where two agents were claiming commissions in the same sale of property, that the seller could protect himself by paying the money into court and allow the agents to determine the questions themselves as to which one was entitled to commissions, and this was misleading to the jury for the reason that the court had refused to allow the defendant to prove that he had already paid the commissions to William Christman and William G. Potter, the respective agents in each of the sales made, and for the same commissions the said plaintiff had brought said suit.

As we view the instructions that were given by the court on this matter, and which are not literally quoted, they were proper in view of the fact that the defendant's counsel had attempted in the presence of the jury to show that J. H. Johnston, the defendant, had already paid commissions for the sale of these lots,—the inference evidently intended by asking such a question to be that it would be a hardship on Mr. Johnston if he had to pay the

commissions a second time. It may be that what we said to the jury in our charge on this subject would have been better said in overruling the defendant's offer to prove that he had paid the commissions to Christman and Potter, but the fact that the court postponed giving the reason of that ruling until the charge was made, in our opinion in no way prejudiced the defendant, for he certainly in his affidavit of defense and in his testimony on the stand and by his counsel in the argument of the case claimed that the commissions were not earned by Warne but were earned by Christman and Potter. He admitted that the land was sold to the two purchasers of whom the plaintiff had spoken to him, and he admitted that the amount of commissions claimed by the plaintiff was the amount that he had agreed to pay, but he said that Warne had not made the sale because Christman and Potter had made it, and that therefore Warne was not entitled to recover in the case. Now, in the connection·in which we used the language complained of we expressly told the jury that although the defendant did set up that Christman and Potter had sold this land and not Warne, still that was not the question before them, that the question that they must determine was whether Warne sold it, and the burden was on Mr. Warne to prove that; so that taking the whole instruction together, we in substance said that in this case the burden was not on the defendant to show that Christman and Potter had sold the land but it was on Warne to prove that he had sold it, and then incidentally we remarked to the jury that if Mr. Johnston had desired to allow the agents to fight this question out, there was a way by which he could pay the money into court and require them to interplead and to have the question as to which one of them made the sale determined in that interpleader. We cannot see how this in any way prejudices the defendant's case. It certainly would not have been a defense, if he owed Warne this money, to show that he had paid it to somebody else.

The motion for a new trial must therefore be overruled.

*Errors assigned* were (1) refusal of binding instructions for defendant; (2) refusal of motion for judgment for defendant n. o. v.; (3) refusal of motion for new trial; (4, 5) portions of charge quoting them.

*J. M. Patterson*, for appellant.—In an action to recover commissions for the sale of real estate there can be no recovery where the plaintiff was not the immediate and efficient cause of effecting the sale, or of bringing the purchaser and owner of the property together: Johnson v. Seidel, 150 Pa. 396; Kifer v. Yoder, 198 Pa. 308; Thompson Co. v. Goldman, 41 Pa. Superior Ct. 209; Barber v. Miller, 41 Pa. Superior Ct. 442; Earp v. Cummins, 54 Pa. 394.

If there is a material misdirection or misstatement in the charge of the court, it is sufficient ground for reversal: Garrett v. Gonter, 42 Pa. 143; Penna. Canal Co. v. Harris, 101 Pa. 80; Goersen v. Com., 99 Pa. 388; Leibig v. Steiner, 94 Pa. 466; Larzelere v. Tiel, 3 Pa. Superior Ct. 109.

*R. W. Knox*, with him *Harry F. Moore*, for appellee.— Where a real estate broker has commenced negotiations with a purchaser, the owner cannot, while such negotiations are pending, take it into his own hands and complete it, either at or below the price first limited, and then refuse to pay commissions: Gibson's Est., 161 Pa. 177; Keys v. Johnson, 68 Pa. 42; Stewart v. Mather, 32 Wis. 344.

OPINION BY RICE, P. J., October 9, 1911:

On the trial the plaintiff offered in evidence two paragraphs of the affidavit of defense "for the purpose of showing the defendant's admission as to what this contract was that was entered into with Mr. Warne." The offer of the affidavit for this expressed purpose did not estop the plaintiff from showing, by his own testimony, that the contract was not, in all particulars, as admitted or alleged by defendant. In other words, he could use the defendant's admissions so far as they were corroborative

of his version of the contract, without being concluded by everything that the defendant said in these admissions. In view of portions of the argument of defendant's counsel, it should be further noticed, preliminarily, that, in determining whether the defendant was entitled to binding direction, we are not required to determine where the preponderance of credible evidence lies, nor to decide conflicts of evidence. As the evidence was oral, this was the province of the jury.

The first question is as to the contract. If the jury believed the plaintiff's testimony they could find that the defendant had several properties he desired to sell; that in a conversation between him and the plaintiff regarding the subject, the latter said, "If you will leave me a list of your properties I may be able to find you a purchaser for them;" that thereupon the defendant gave the plaintiff the descriptions and prices of six several properties, of which the plaintiff made a list; and that the plaintiff then said to the defendant, "If I succeed in finding you a purchaser for any of this property, I will charge you the same as real estate agents charge, 2½ per cent," to which the defendant assented. Assuming this to be the correct version of the contract, the defendant's position, that the plaintiff was not entitled to recover commissions on the selling price of the property sold, unless he succeeded in negotiating and closing the sale, is not tenable. The learned judge stated the law as favorably to the defendant as he was entitled to have it stated, in his general charge and in affirming the defendant's point, which was as follows: "A real estate broker is not entitled to his commission unless he procures a buyer for the property placed in his hands for sale, at the price and upon the terms fixed by the seller, and further that his agency was the procuring cause of the sale."

The next question is whether the plaintiff's agency was the procuring cause of both or either of the two sales that were made. The evidence upon this question was conflicting, but, for the reason already suggested, it is only

necessary for present purposes to consider whether plaintiff's evidence was sufficient to carry the question to the jury. He testified that promptly after his being employed to find a purchaser or purchasers he advertised the properties in a local newspaper, and that shortly thereafter (April 29 or 30) Miss Hannah Gunn appeared at his office and inquired about the property on Jefferson avenue, which was listed at $2,600. What occurred is described by plaintiff substantially as follows: She inquired who was the owner and he told her. "She asked the price; I told her $2,600, and talked the proposition up to her, told her I thought it was good to buy, that the property was cheap at $2,600; and she said to me, or asked me if I would take $2,500 cash." He replied that he could not say about that, but that he would call up the owner on the telephone and ask him about it, which he did. His words are: "I called Mr. Johnston and . . . . told him that I had this offer of $2,500 cash and asked him what he thought about it and he said he didn't care to take any less than he was asking. I said to him in reply to that that I wouldn't advise him to do that, that I thought his property was cheap at $2,600, that he ought to get that for it." Miss Gunn was present at this interview, and the jury could have found that she heard what the plaintiff said. At any rate, he reported to her that she would have to pay $2,600 cash for the property, and she then said she would go and look at the property again and let him know. She thereupon went out, but did not return. A day or two afterwards the defendant conveyed the property to her for $2,600.

The plaintiff's testimony as to the sale of the other property on which he claimed commissions is substantially as follows: Shortly after the plaintiff had advertised, George Burig called at his office and inquired about this particular property. The plaintiff "talked up the property to him" and gave him the price and the name of the owner. Burig returned a second time, when the subject was again discussed. On or about the day of

their third interview, the plaintiff took Burig and his wife, for whom the property was to be purchased, to see it, and, after they had examined it, introduced Burig to the defendant. This property had been listed by the defendant with the plaintiff at the price of $2,300. When plaintiff took these parties to see the defendant the latter had raised the price to $2,400 and the plaintiff had informed the Burigs of this fact. After Burig and the defendant had talked awhile concerning the price, without coming to an agreement, Burig left, each saying to the other that he would think it over. After Burig left, plaintiff told defendant that Burig seemed to be anxious to have the property and gave his reasons for saying so. Then, to quote his words, "I told Mr. Johnston I believed if they would each concede a little they could make a sale, and I also said to him I thought it was a bad thing he had done in the negotiations, to raise the price; and before leaving I said to Mr. Johnston, 'If you conclude to take any less for your property I want you to let me know.' And he said he would." This interview took place on May 22, and on August 16, without notifying the plaintiff that he would reduce his price, as he had promised to do, and while the plaintiff's agency remained unrevoked, the defendant conveyed the property to Mrs. Burig for $2,200. In the meantime the plaintiff had not abandoned his efforts, but spoke to Burig on two different occasions regarding the subject.

In the recent case of Peters v. Holmes, 45 Pa. Superior Ct. 278, Judge HENDERSON thus stated the legal principles which are applicable to such a case as this: "It is not material that the sale was made directly with the owner, if the broker brought the parties together and a sale resulted from the broker's intervention. When a broker is duly authorized to sell property by private sale and has commenced negotiations with a purchaser the owner cannot while such negotiation is pending take it into his own hands and complete it either at or below the price first limited and then refuse to pay the commission:

Keys v. Johnson, 68 Pa. 42; Reed's Executors v. Reed, 82 Pa. 420; Hartley v. Anderson, 150 Pa. 391; Gibson's Estate, 161 Pa. 177. Considering the evidence in the light of these adjudications the question here is obviously one of fact to be determined by the jury. That question is, did the acts of the plaintiff result in a sale of the property to Mr. Price. Was the plaintiff the procuring cause of the sale?" That is the question here. If it were to be decided on the evidence adduced by the defendant exclusively the answer would be in the negative: Earp v. Cummins, 54 Pa. 394; Kifer v. Yoder, 198 Pa. 308. But to state the proposition sharply, if the jury believed the testimony of the plaintiff and disbelieved that adduced by defendant, they could find that the plaintiff in each instance found the purchaser and brought the purchaser and seller together, and could legitimately draw the inference, from all the circumstances, that his agency was the efficient, procuring cause of the sale. As the learned trial judge well says, it may be that another jury, or that the court trying the case under the act of 1874, would decide the question differently; but it cannot be said that this jury did not keep within its proper functions in rendering the verdict they did. The plaintiff, by his testimony, having made out a prima facie case which he was entitled to have submitted to the jury, the case was none the less for the jury because the defendant adduced oral testimony which, if believed by the jury, would warrant them in finding against the plaintiff: Brodhead v. Pullman Ventilator Co., 29 Pa. Superior Ct. 19, citing Howard Express Co. v. Wile, 64 Pa. 201; Lerch v. Bard, 153 Pa. 573; Kelton v. Fifer, 26 Pa. Superior Ct. 603. Nor can it be said that the verdict was so grossly and flagrantly contrary to the weight of the evidence as to justify a conclusion that the discharge of the rule for new trial was a gross abuse of discretion. "As a rule, whether a new trial be granted or refused is a matter within the sound discretion of the court, and certainly is not sufficient ground of reversible error unless for gross abuse, and this

does not appear in the case at bar:" Wirsing v. Smith, 222 Pa. 8. The first four assignments of error are overruled.

It cannot be said that the instructions complained of in the fifth assignment of error are erroneous in law. It might be said that the first branch of them was irrelevant in the issue being tried, and it has been argued that they had a misleading and prejudicial effect in that they directed the attention of the jury to a matter which could have no legal bearing upon the question they had to decide. There would be considerable force in the argument, were it not for what occurred on the trial, and, as explained in the opinion of the learned judge overruling the motion for a new trial, they were calculated and intended simply to offset an irrelevant suggestion that had been made in the presence of the jury by the defendant's counsel. We are inclined to the view taken by the learned judge, and will not amplify the discussion but simply refer to his opinion upon the question as showing, satisfactorily we think, that no harmful error was committed. This assignment is overruled.

The judgment is affirmed.