# Barrow *v.* Newton, Appellant.

*Principal and agent—Real estate broker—Commissions—Evidence—Case for jury.*

When, in an action by a real estate broker to recover commissions for the sale of property, the evidence is conflicting the burden is upon the plaintiff to satisfy the jury that the service rendered by him as agent was the immediate and efficient cause of the sale. A mere introduction of the property to the notice of the purchaser, and a subsequent purchase of it by the latter is not in itself sufficient if there is evidence that the plaintiff had entirely discontinued his efforts to sell the property for a considerable period of time after he had introduced it to the purchaser, and the testimony both of the defendant and the purchaser is that the purchaser had bought the property directly from the defendant without the intervening agency of the plaintiff.

Argued Oct. 4, 1911. Appeal, No. 282, Oct. T., 1910, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1907, No. 3,102, on verdict for plaintiff in case of W. Bruce Barrow *v.* Mahlon W. Newton. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit to recover commissions upon the sale of real estate. Before BARRATT, J.

The facts are stated in the opinion of the Superior Court.

Plaintiff presented the following point:

1. If the jury believe that the defendant gave the plaintiff the option to rent or sell the property at Tenth and Market streets, Camden, N. J., from thirty to sixty days from August 3, 1907, and further believe that the plaintiff or his employees within the period of sixty days first brought the attention of the property to A. G. Soistman, an officer of the Excelsior Drum Works, and further believe that the Excelsior Drum Works subsequently purchased the property, then the plaintiff is entitled to recover a commission on the purchase price even though

the defendant took up the negotiations directly with Soistman during the said period of sixty days and finally made a sale to the Excelsior Drum Works. *Answer:* That point I affirm. [1]

Verdict and judgment for plaintiff for $1,246. Defendant appealed.

*Errors assigned* were (1, 2) in refusing binding instructions for defendant and in overruling defendant's motion for judgment n. o. v. and (3) in affirming plaintiff's point as above.

*C. S. Wesley,* of *Tustin & Wesley,* for appellant.—A real estate broker, to entitle himself to a commission, must show that his agency was the efficient, procuring cause of the sale: Earp v. Cummins, 54 Pa. 394; Kifer v. Yoder, 198 Pa. 308; Hartley v. Anderson, 150 Pa. 391.

*Francis S. Laws,* with him *Francis C. Adler* and *John F. Lewis,* for appellee.—Every case in the books holds that where there is disputed evidence on this point, it must be left to the jury. The courts have held that very slight evidence is sufficient for that purpose: Peters v. Holmes, 45 Pa. Superior Ct. 278; Showaker v. Kelly, 21 Pa. Superior Ct. 390; Keys v. Johnson, 68 Pa. 42; Reed v. Reed, 82 Pa. 420; Clendenon v. Pancoast, 75 Pa. 213; Gibson's Est., 161 Pa. 177; McCaffrey v. Page, 20 Pa. Superior Ct. 400; Kifer v. Yoder, 198 Pa. 308.

OPINION BY PORTER, J., December 11, 1911:

The plaintiff is a real estate broker and brought this action to recover commissions upon a sale of real estate alleged to have been made through his agency. The fact that the defendant had on August 3, 1907, employed the plaintiff to procure a purchaser for the property was not disputed. The evidence established that the property had been sold by the defendant, on October 5, 1907, to the Excelsior Drum Works, the purchaser having been repre-

sented in the transaction by its manager, Soistman. The
evidence as to the facts material to the right of the plaintiff
to recover commissions upon the sale was conflicting. The
plaintiff produced evidence to the effect that one of his
employees had in a conversation by telephone with Soist-
man called the attention of the latter to the property a
few days after August 3, 1907, and produced other evi-
dence tending to establish that the sale which followed was
the result of that presentation of the property to the per-
son who subsequently became the purchaser. The de-
fendant produced evidence, which if believed, showed that
he had been negotiating with Soistman with regard to the
sale of the property prior to the time when plaintiff be-
came an agent for its sale. Soistman, who acted for the
purchaser in the transaction, was unable to be present
at the trial, and in order that the trial might not be de-
layed the plaintiff formally admitted an affidavit presented
by the defendant setting forth the facts to which Soist-
man would testify. That affidavit stated that "Soistman,
representing the Excelsior Drum Works in the purchase of
said property, had no dealings of any kind or nature with
the said Barrow, plaintiff; that he purchased the said prop-
erty directly from the defendant and not through the
agency of the plaintiff; that the said Barrow had nothing
whatever to do with conducting negotiations for the sale
of the property and was in no wise instrumental in effect-
ing the sale thereof, and further, that the said Soistman,
manager of the Excelsior Drum Works, had no dealings
of any kind or description with the said Barrow, concern-
ing the purchase and sale of the defendant's property."
The evidence would further have sustained a finding, al-
though upon that point it was contradicted, that the
plaintiff had entirely discontinued his efforts to sell the
property during the period of six weeks before the sale
was made by the defendant. The evidence being of this
character the question to be determined by the jury was
whether the agency of the plaintiff had been the immediate
and efficient cause of the sale, not merely whether the

plaintiff had first called the attention of Soistman to the property. The learned judge of the court below submitted the case to the jury in a general charge which was free from error. The evidence was such as to warrant a finding that the sale had been the direct result of the efforts of the plaintiff, as the agent of the defendant; the prayer of the defendant for binding instructions was properly refused and there was no error involved in overruling his motion for judgment non obstante veredicto.

The first point presented by the plaintiff, stripped of its unnecessary recitals of facts, in substance, requested the court to charge: "If the jury believe . . . . that the plaintiff or his employees . . . . first brought the attention of the property to A. G. Soistman, an officer of the Excelsior Drum Works, and further believe that the Excelsior Drum Works subsequently purchased the property, then the plaintiff is entitled to recover a commission on the purchase price." This point the learned judge of the court below, in the hurry of the trial, affirmed, which ruling is the subject of the third specification of error. The jury were thus instructed that the right of the plaintiff to recover was dependent upon two facts only: (a) Did he first bring the attention of the property to the officer of the Excelsior Drum Works, and (b) Did the Excelsior Drum Works subsequently purchase the property. This entirely eliminated from the consideration of the jury any question as to whether the action of the plaintiff, as agent, was the efficient cause of the sale. When in an action by a real estate broker to recover commissions for the sale of property the evidence in the case is of the character here presented, the burden upon the plaintiff is to satisfy the jury that the service rendered by him as agent was the immediate and efficient cause of the sale. "If a mere introduction of the property to the notice of the buyer effects the sale, the broker earns his commission. An advertisement or any other service is enough if it be the immediate and efficient cause of the bargain. But if the services of the broker, whatever they be, fail

to accomplish a sale, and several months after the proposed purchaser has decided not to buy, he is induced by other persons to reconsider his resolution, and then makes the purchase as the consequence of such secondary or supervening influence, the broker has no right to a commission. In a certain sense it may be true that the purchase was in consequence of the broker's advertisement; but for that, the purchaser may never have looked at the property, nor entertained a thought of buying it, but the evidence in this case shows that it was at least due to another so distinct and separate cause, that it was a mistake to permit the broker to recover. The simple answer to his demand was, that if the evidence was believed he did not cause the sale, that is, his agency was not the immediate and efficient cause of the sale, and the law regards only proximate and not remote causes:" Earp v. Cummins, 54 Pa. 394; Kifer v. Yoder, 198 Pa. 308; Hartley v. Anderson, 150 Pa. 391. The evidence in the present case brings it clearly in line with the decisions in the cases cited, and the third specification of error must be sustained. The other specifications of error are without merit.

The judgment is reversed and a venire facias de novo awarded.