## Abrams *v.* Uenking, Appellant.

*Real estate—Title—Adverse possession—Ejectment.*

When the possession of one is shown to have been once in subordination to the title of another, it will not afterwards be adjudicated adverse without clear and positive proof of its having distinctly become so. The presumption is that the possession continued as begun, and proof sufficient to overcome the presumption must show that the holder of the record title had express notice that the party in possession was claiming adversely. The burden is always upon the party claiming by adverse possession to show when this adverse holding began; and when defendant offers no evidence of any deed to him, but only of possession in subordination to the title of another, his possession will not be adjudicated adverse without clear and positive proof of its having become so by acts distinctly brought to the notice of the title holder, and the statute of limitations does not begin to run until the possession becomes adverse by some decisive act or declaration equivalent to an actual ouster.

*Ejectment—Evidence.*

A party cannot offer in evidence a deduction or inference made by him from his adversary's pleading. He may offer in evidence averments of fact contained in such pleading, for the purpose of establishing certain conclusions to be drawn from such facts; but he introduces the facts, as averred, in evidence to the extent necessary to draw the desired conclusions. He is not concluded by the averments thus admitted in evidence, and may rebut them if he can, but unless rebutted the evidence stands.

Argued April 18, 1923. Appeal, No. 126, April T., 1923, by defendant, from judgment of C. P. Butler Co., June T., 1920, No. 54, on verdict for plaintiff in the case of E. E. Abrams v. K. J. Uenking. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Action in ejectment for lot of ground on Olive Street in the Borough of Karns City. Before REIBER, P. J.

The facts are stated in the opinion of the Superior Court.

422, (1923).]   Statement of Facts—Opinion of the Court.

The court directed a verdict in favor of the plaintiff and entered judgment thereon.   Defendant appealed.

*Errors assigned* were various answers to points and in directing a verdict for plaintiff.

*James M. Galbreath,* and with him *Levi M. Wise,* for appellant.—The defendant had a good title to the land by adverse possession: McCall v. Neely, 3 Watts 73; Scranton Poor District v. Directors, etc., 106 Pa. 446; Warner v. Henby, 48 Pa. 187; Wallace v. Presbyterian Church, 111 Pa. 164; Townsend v. Boyd, 217 Pa. 386.

*John R. Henninger,* for appellee, cited: Johns v. Johns, 244 Pa. 48; O'Boyle v. Kelly, 249 Pa. 13; Quinlan & Robertson, Inc., v. Rundle et al., 273 Pa. 479.

OPINION BY KELLER, J., July 12, 1923:

Plaintiff's action was in ejectment for a lot of ground on Olive Street, in the Borough of Karns City, on which a small frame house was erected.   Both he and the defendant claimed from a common source of title, A. Bisher.

Plaintiff averred that Bisher had leased the land to one J. H. Argyle, (defendant's predecessor in title), on April 1, 1877; and subsequently had conveyed it to plaintiff, subject to said lease, by deed dated June 18, 1879, duly recorded.

Defendant's answer set up a deed from Bisher to Argyle, dated on or about April 1, 1878, which deed was never recorded and had been burned in January or February, 1888; and "actual, peaceable, adverse, continuous, notorious, distinct and hostile possession" of said land by Argyle, and (after his death in February, 1888), by his wife and family, from 1878 to 1920, when Mrs. Argyle conveyed it to defendant.

At the trial defendant labored under certain disadvantages by reason of the death of both Bisher and Argyle,

and for the purpose of proving Argyle's entry into possession of said property, and his continuance therein, offered in evidence paragraphs two and three of the plaintiff's declaration, as follows:

"2—On the first day of April, 1877, the said A. Bisher leased the lot of ground above described, and to recover which the suit is brought, to J. H. Argyle, by written lease, a copy of which is hereto attached as Exhibit A, and made a part hereof.

"3—That under the provisions of the said lease, the said J. H. Argyle erected a building on the said lease, and moved his family therein, where they have remained until the present year, as tenants at will."

A party cannot offer in evidence a deduction or inference made by him from his adversary's pleading. He may offer in evidence averments of fact contained in such pleading, for the purpose of establishing certain conclusions to be drawn from those facts; but he introduces the facts, as averred, in evidence to the extent necessary to draw the desired conclusions: Bowen v. De Lattre, 6 Wharton 430, 432; Farmers' Bank v. Elizabethtown Bank, 30 Pa. Superior Ct. 271, 277; Pittsburgh v. Rys. Co., 234 Pa. 223, 232; Page v. Simpson, 172 Pa. 288, 295. He is not concluded by the averments thus admitted in evidence, but may rebut them if he can: McAvoy & McMichael v. Com. Title Ins. & Trust Co., 27 Pa. Superior Ct. 271, 278; Warne v. Johnston, 48 Pa. Superior Ct. 98, 101; Pittsburgh v. Rys. Co., supra, p. 233; but unless rebutted the evidence stands.

The plaintiff's declaration contained no averment that defendant's predecessor, Argyle, went into possession of the premises in dispute on April 1, 1877, and that such possession had continued ever since. The averments in the declaration from which such conclusion resulted were, that Argyle leased the land from Bisher on April 1, 1877, erected a building thereon, and moved his family into it, and had remained on it until the present. The defendant thus proved Argyle's entry upon and posses-

sion of the land, but the evidence thus introduced showed such entry to be under and by virtue of a lease from Bisher; that his entry was permissive and in subordination to Bisher, not adverse or hostile to him. Certainly, it wholly failed to show that "he entered into the possession of the premises, claiming the same as and for his own property," as was said in DeHaven v. Landell, 31 Pa. 120, 126, to be necessary in order to support a title by adverse possession; and at no time in the trial did the defendant produce any evidence tending to rebut the permissive character of Argyle's entry or show it to have been adverse.

The defendant offered no evidence of a deed from Bisher to Argyle, as set up in his answer. He did show possession of the land for over forty years in Argyle and his family, but gave no evidence of any acts on their part showing a clear and positive assertion that they held the land adversely and not in subordination to Bisher and his grantee, that extended further back than twelve or fifteen years. When the possession of one is shown to have been once in subordination to the title of another, it will not afterwards be adjudicated adverse without clear and positive proof of its having distinctly become so: Mickey v. Hardin, 79 Pa. Superior Ct. 592. The presumption is that the possession continued as begun, and proof sufficient to overcome the presumption must show that the holder of the record title had express notice that the party in possession was claiming adversely: Johns v. Johns, 244 Pa. 48. The burden is always upon the party claiming by adverse possession to show when his adverse holding began; and when, as here, defendant offered no evidence of any deed to him, but only of possession in subordination to the title of another, his possession will not be adjudicated adverse without clear and positive proof of its having become so by acts distinctly brought to the notice of the title holder; and the statute of limitations does not begin to run until the possession becomes adverse by some decisive act or

declaration equivalent to an actual ouster: O'Boyle v. Kelly, 249 Pa. 13.

There was no proof of any claim of ownership brought home to the holder of the title or acts amounting to an ouster earlier than twelve or fifteen years prior to bringing suit. Assessment of an interest in the land and payment of taxes by a tenant is not such decisive act or declaration as amounts to an ouster of his landlord. The quotation from the opinion of Chief Justice GIBSON in McCall v. Neely, 3 Watts 69, 73, relied upon by appellant, "we have no difficulty in saying that payment of the taxes for twenty-one years, with the acquiescence of the owner, gives the occupant a title by the statute of limitations to the whole," refers clearly, (see p. 70), to an "occupant by a colorable title," not to a tenant, whose possession is that of his landlord. Moreover, for many years Argyle was assessed only a nominal sum for the "house" which he had erected, without assessment for any land, and for nine years, from 1907 to 1915, inclusive, the interest of the Argyles was assessed as a leasehold. The action of the court in excluding unauthenticated tax receipts less than thirty years old, with no proof of their custody and possession is sustained by the cases of McReynolds v. Longenberger, 57 Pa. 13; Jones v. Scranton Coal Co., 274 Pa. 312, 317, and Scharff v. Keener, 64 Pa. 376; but in view of the subordinate character of the Argyles's possession it is immaterial.

Section 15 of the Act of April 14, 1851, P. L. 612, was limited in its application by the legislature in 1852 (Act of May 4, 1852, P. L. 570, section 7), to manorial lands in the City and County of Philadelphia. It does not, in any event, prevent a landlord from obtaining possession of leased premises from his tenant after more than forty years.

None of the assignments of error filed comply with our rules of court, either old or new. We have, however, considered the case upon its merits and are not convinced that the learned court below erred in directing a verdict

422, (1923).]        Opinion of the Court.

for the plaintiff, as the defendant's evidence, including the offers excluded, did not measure up to the requirements for title by adverse possession.

Many of the assignments of error are immaterial in this view of the case. Such as are not are overruled.

The judgment is affirmed.