# Smith, Appellant, *v.* Zell.

*Brokers — Real estate — Real estate commissions—Question of fact—Case for jury—Evidence.*

In an action to recover commissions on the sale of real estate, the case is for the jury, and a verdict for the plaintiff will be sustained where the issue is one of fact as to whether or not the commission had been earned.

The plaintiff must establish his employment as broker, and must prove that his agency was the procuring cause of the sale; and when, being duly authorized to sell the property at private sale, he has commenced negotiations with a purchaser, the owner cannot, while such negotiation is pending, take it into his own hands and complete it either at or below the price first limited, and then refuse to pay the commissions.

Argued December 10, 1924. Appeal, No. 309, Oct. T., 1924, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1922, No. 3131, on verdict for defendant in the case of W. Gordon Smith v. Frank D. Zell. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

114, (1925).]        Opinion of the Court.

Assumpsit to recover commissions on the sale of real estate. Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Error assigned* was the charge of the court.

*George J. Edwards, Jr.,* for appellant.

*Chester N. Farr, Jr.,* and with him *William A. Glasgow, Jr.,* for appellee.

OPINION BY PORTER, March 13, 1925:

This is an action by a real estate broker to recover commissions upon a sale of real estate, alleged to have been made through his agency. The employment of the plaintiff was oral, his agency was not exclusive and the fact that the owner had already placed the property in the hands of another real estate agency for sale was, at the trial, not disputed. The trial resulted in a verdict and judgment in favor of the defendant and the plaintiff appeals.

We have in this case seventeen assignments of error, the majority of which refer to recitals of fact by the judge in his charge. If the learned judge misstated the evidence, the matter should have been promptly called to his attention by counsel for the plaintiff, in order that it might then and there be corrected. This not having been done those assignments of error will be disregarded. The charge, it is true, consisted almost entirely of recitals of evidence, but it is not assigned for error as a whole, and no assignment of error suggests that it was an inadequate presentation of the law applicable to the facts. The employment of the plaintiff as a broker was admitted. The plaintiff produced evidence which would have warranted a finding of the following facts.

The price at which the property was to be sold was first fixed at $80,000; the plaintiff succeeded in interesting Judge GORDON in the property and the latter made an offer of $50,000, which during subsequent negotiations he increased to $56,000. The defendant, during the progress of the negotiations finally reduced the price at which he agreed to sell the property to $60,000. The plaintiff offered the property to Judge GORDON for $60,-000, but the latter declined to pay more than $56,000. Judge Gordon had informed the plaintiff that he had a residence on Pine Street, that that was one of the reasons why he did not bid higher on the property in question; that he did not want two houses on his hands and would not buy this one unless he could dispose of the Pine Street house. The plaintiff made no effort to sell the Pine Street house for Judge GORDON, stating that he did not deal in properties in the city. The plaintiff informed the defendant that he had done his very best with Judge GORDON and had been unable to get him to increase his bid of $56,000. The plaintiff then introduced evidence establishing that the defendant had, a few weeks later, sold the property to Judge GORDON for $60,-000. The evidence thus presented by the plaintiff, if believed, established that he had been authorized to sell the property for $60,000; that he had interested a prospective purchaser in the property and conducted extended negotiations with regard to the sale thereof; that he had secured a bid of $56,000 for the property from the party whom he had interested therein, and that the defendant had shortly afterwards sold the property to the same party for $60,000. There was in the evidence presented by the plaintiff no suggestion that any other party had been interested in the negotiations or that the purchaser had been induced to pay the price which the owner asked by the intervention of any other agent. This being the case the question whether the efforts of the plaintiff were the immediate and efficient cause of the sale was for the jury: Keys v. Johnson, 68

Pa. 42; Warne v. Johnston, 48 Pa. Superior Ct. 98.   The plaintiff must establish his employment as broker, and must prove that his agency was the procuring cause of the sale; and when, being duly authorized to sell the property at private sale, he has commenced negotiations with a purchaser, the owner cannot, while such negotiation is pending take it into his own hands and complete it either at or below the price first limited, and then refuse to pay the commissions.   The evidence produced by the plaintiff not having disclosed that the property had been sold through the efforts of any other broker, this case is clearly distinguishable from that of Groskin v. Moore, 249 Pa. 242; Cathers v. Patchel, 82 Pa. Superior Ct. 257.   In Groskin v. Moore, supra, the plaintiff had offered in evidence, without any restriction, certain paragraphs of the affidavit of defense which averred that the property had been sold through the efforts of another broker.   With regard to this it was said in the opinion, in the case last cited: "This fact clearly distinguishes the present case from Keys v. Johnson, 68 Pa. 42, and Warne v. Johnston, 48 Pa. Superior Ct. 98."   It would have been error for the court to give binding instructions in favor of the defendant: Barrow v. Newton, 48 Pa. Superior Ct. 382.

The defendant introduced evidence which, if believed, established that the efforts of William H. Wilson, another real estate broker, were the immediate and efficient cause of the sale.   The defendant had not made known to Wilson the fact that the plaintiff had been negotiating with Judge Gordon.   Some time after the last interview of the plaintiff with Judge Gordon the latter was approached by William H. Wilson with regard to the sale of the property.   Judge Gordon informed Wilson that he desired to dispose of his Pine Street residence and suggested that the latter arrange with the defendant for an exchange of the properties, the Pine Street residence to be taken by the defendant at a valuation of $30,000.   Wilson took the defendant to-

examine the Pine Street property, but the defendant declined to take the Pine Street property in part consideration for the property which he was offering for sale. Judge GORDON was called as a witness and testified that he had considered his negotiations with this plaintiff at an end; that a couple of weeks after it was all closed as far as the plaintiff was concerned, he proposed to Mr. Wilson that the defendant should take the Pine Street house at $30,000; that the defendant having declined that proposition Wilson agreed that he would sell within a reasonable time the Pine Street house for $30,000 if he (Judge GORDON) would give $60,000 for Mr. Zell's house; that Wilson finally said: "There is $25,000 against this house (the Zell residence), a mortgage, and if I don't sell before you make settlement I will agree to take a second mortgage for $10,000, if that will be helpful to you, I will lend it to you, $10,000 on second mortgage if you will buy it, even though I have not sold your Pine Street house." Wilson entered into a written agreement with Judge GORDON to take a second mortgage for $10,000 on the Zell property upon terms in the agreement specified. Wilson then took Judge GORDON to see the Zell residence (the property in question) and, after examining the property Judge GORDON agreed to purchase at $60,-000. Wilson succeeded in finding a purchaser for the Pine Street residence of Judge GORDON and articles of agreement for the sale thereof were entered into the day after settlement had been made for the purchase of the Zell residence; as a consequence Judge GORDON did not need the $10,000, which Wilson had agreed to loan upon a second mortgage. Judge GORDON testified that he would not have purchased the property except for the agreement of Wilson that he would sell the Pine Street property and his agreement to loan $10,000 on second mortgage if the property was not sold. The testimony of the purchaser is certainly competent as to the cause which induced him to purchase: Kifer v. Yoder, 198

Pa. 308.  The question in this case, therefore, became one of fact rather than law.  Were the efforts of Wilson rather than those of this plaintiff, the immediate and effective cause which induced the purchaser to buy the property?  It is to be noted that the inducements which Judge GORDON testified finally resulted in his conclusion to purchase, were presented by Wilson upon his own individual responsibility.  Under no circumstances could Zell have been held responsible by Judge GORDON for failure to carry out the covenants of Wilson.  In agreeing to sell the Pine Street property, or take a second mortgage upon the Zell residence, Wilson was acting for himself and not for this defendant.  The defendant paid to Wilson the usual commissions for procuring the sale.  The learned judge of the court below instructed the jury as follows: "If Mr. Smith (the plaintiff) was the controlling agent who brought about, not the interest of Judge GORDON in the matter, not interviews between his sister and the agent, but if Mr. Smith was the man who brought about this sale, then he is entitled to his commission.  If he did not bring it about, no matter how much he tried to bring it about, he is not entitled to the commission."  The jury certainly could not have misunderstood this instruction.  If counsel for the plaintiff desired more specific instructions proper written requests for charge should have been presented.  The assignments of error are overruled.

The judgment is affirmed.