## Carr and McIlvain v. Jakoby, Appellant.

*Brokers—Real estate—Question of fact—Case for jury—Affidavit of defense—Admissions—Admissions read in evidence.*

In an action of assumpsit to recover commissions alleged to have been earned upon the sale of real estate, the case is for the jury and a verdict for the plaintiff will be sustained, where the issue is one of fact as to whether or not the commissions had been earned.

It is well settled that admissions in an affidavit of defense may be read in evidence.

Argued October 22, 1926.   Appeal No. 325, October T., 1926, from judgment of M. C. Philadelphia County, October T., 1924, No. 1123, in the case of Francis E. Carr and John McIlvain, trading as Carr and McIlvain, v. Anton Jakoby.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER and LINN, JJ.   Affirmed.

Assumpsit by a real estate broker to recover commission.   Before WALSH, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1080 and judgment thereon.   Defendant appealed.

*Errors assigned* were certain rulings on evidence and the refusal of defendant's point for charge.

*H. Eugene Heine*, for appellant.

*William S. Fenerty*, for appellee.

OPINION BY LINN, J., December 15, 1926:

Plaintiffs sued for commissions for selling real estate.   Defendant denied the contract and that plaintiffs' services produced the buyer.   The jury found for the plaintiffs, who have judgment on the verdict.

Two assignments of error are presented.   The first complains that a portion of the affidavit of defense was received in evidence as an admission of an averment in the statement of claim.   We dismiss the assignment on the ground that when the averment was offered and had been partly read, defendant's counsel withdrew his objection.   While the record shows that after it was read into the evidence, defendant's counsel then again objected to it, we cannot be expected to give serious consideration to such a belated objection in the absence of explanation; especially where, as here, no motion to strike out was made.   It is however

well settled that admissions in an affidavit of defense may be read in evidence; the subject in varying phases is considered in Warne v. Johnston, 48 Super. Ct. 98; Abrams v. Uenking, 81 Pa. Super. Ct. 422, 424; Smith v. Zell, 85 Pa. Super. Ct. 114, 117; Pittsburgh v. Railways Co. 234 Pa. 223, 232; Kull v. Mastbaum, 269 Pa. 202, 204; Buehler v. Fashion Plate Co. 269 Pa. 429, 433.

The second assignment is to the refusal of binding instructions. Two witnesses for plaintiffs testified that the contract in suit was made, and there was evidence of two other witnesses, one the purchaser, which supports the jury in finding that the services of plaintiffs procured the buyer to whom defendant sold. While the defendant contradicted these witnesses, the dispute of fact was for the jury not the court; binding instructions would have been wrong.

Judgment affirmed.