## Bailey *v.* Presbyterian Board, Appellant.

*Contract—Building contract—Architect's estimates—Evidence.*

Where a building contract provides that payments are to be made in monthly instalments "upon certificate of the architect to estimates and valuations for materials furnished and work done," a certificate stating that the contractors "are entitled to payment," for certain material and work, specifying the amount, under the contract, is admissible in evidence, although the words, "are entitled to payment," are in excess of the architect's authority, where it appears that the certificate was merely offered with a bill which has been qualifiedly approved as a form of certificate required by the contract, and that five previous payments had been made upon similar certificates, and it also appears that the contract provided that no certificate or payment should operate as an admission by the owners that the contract had been faithfully complied with, in case the facts should be otherwise.

*Contract—Building contract—Instructions—Harmless error.*

In an action to recover a balance on a building contract under which the contractors were bound to "finish and complete the same, and every part and detail thereof, within ninety days," an affirmance of a point that plaintiffs were entitled to recover if they had substantially completed the work

within the ninety days, is not reversible error, where the court affirms a point of the defendant, which sets forth the plaintiff's duty in the exact words of the contract, and it also appears that the defense was directed not so much to the fact of completion as to the time of it.

Argued Jan. 30, 1901. Appeal, No. 235, Jan. T., 1900, by defendant, from judgment of C. P. No. 1, Phila. County, June Term, 1897, No. 70, on verdict for plaintiff in case of Bailey, Milliken & Bland, Limited, v. Trustees of the Presbyterian Board of Publication and Sabbath School Work. Before Mc-Collum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Affirmed.

Assumpsit to recover balance alleged to be due on a building contract. Before Biddle, P. J.

At the trial it appeared that plaintiff claimed to recover $18,052.68, claimed to be due under a contract for structural steel and iron used in the Witherspoon Building, Philadelphia. The defense was substantially that the contract had not been completed within the time specified in the written agreement.

The material portions of the contract are quoted in the opinion of the Supreme Court.

Counsel for plaintiff offered in evidence the architect's certificate dated April 14, 1897.

The defendant admitted that at the date of the certificate, April 14, 1897, the plaintiff had done work and furnished material under contract down to March 1, 1897, the value of which, less ten per cent retained on the contract, was $18,052.68, and that no payment on account of such work and material had then been made by the defendant. Having made this admission, defendant objects to the certificate of the architect, on the ground that it is not competent to prove any fact other than the above facts admitted, and that it is not competent to prove the fact it purports to recite, that plaintiffs were entitled to the payment of such an amount.

Judge Biddle : Mr. Wintersteen, your admitting it will not prevent Mr. Todd going on and proving anything he wishes.

Mr. Wintersteen : The defendant objects to the certificate peremptorily.

Mr. Todd : I meant to offer this bill of April 7, from plaintiff to defendant, with the certificate.

Mr. Wintersteen : I object to them being offered together.

Judge Biddle : I will admit the certificate.

Exception for defendant. [1]

Mr. Todd : The certificate is as follows :

" PHILADELPHIA, April 14, 1897.

" Office of JOSEPH M. HUSTON, Architect.

   " 604 Provident Building.

" I certify that Bailey, Milliken & Bland are entitled to the payment of Eighteen Thousand and Fifty Two—68 Dollars on account of their contract with the trustees of the Presbyterian Board of Publication and Sabbath School work, for material furnished and work done under steel and iron contract up to date of this order.

" 6th Order.

" $18,052.68.                          " J. M. HUSTON,
                                          " Architect."

I also offer in evidence bill as follows :

" PHILADELPHIA, April 7th, 1897.

" Trustees of the Presbyterian Board of Publication and Sabbath School work.

" Bought of

" Bailey, Milliken & Bland, Limited.

" IRON AND STEEL STRUCTURAL MATERIAL ENGINEERS AND CONTRACTORS.

" 402–403 Harrison Building.

| | | | |
|---|---|---|---|
| For steel structural material as per contract, Feby. 3rd, 1896.   Amount   . . . . | | $103,300 | 00 |
| For Cantilever girders as per contract Apl. 20th, 1896   . . . . . . . . | | 8,753 | 50 |
| | | $112,253 | 50 |
| Less Cash, April 16th, 1896   .   . | 12,081 73 | | |
| June 17th, 1896           .   .   . | 11,705 89 | | |
| Aug. 14th, 1896   .   .   .   . | 20,000 00 | | |
| Sept. 16th, 1896         .   .   . | 25,028 64 | | |
| Oct. 16th, 1896   .   .   .   . | 15,054 56 | | |
| Duplicate. | | $83,870.82. | |
| | | $28,382 | 68 |
| Less 10% retained, | | 10,330 | 00 |
| | | $18,052 | 68 |

" Approved without prejudice to any claims of the trustees to reduction of the contract price as provided for and to any other claims arising out of sundry bills presented by other parties for work and materials as furnished to contractors but not paid for.

" SAM. C. PERKINS.

" Approved J. M. HUSTON.

Architect.

4 15/97.

Plaintiffs' point was among others as follows :

2. If the jury believe from the evidence that the plaintiffs delivered the materials called for in the detail plans last approved by the architect, Joseph M. Huston, within ninety days from the said approval, and erected the same in place in the said building within ninety days after the delivery thereof, and had substantially completed the erection of all the structural steel and iron work in said building within said last mentioned ninety days, then they are entitled to recover the balance due on the sixth order, dated April 14, 1897, together with interest. *Answer:* Affirmed. [2]

Defendant's point was as follows :

1. In the second clause of the contract in suit the plaintiffs agreed to enter upon the performance of the contract at once, when directed by the architect, and to keep a sufficient number of competent workmen constantly employed upon the work at the said building and elsewhere, with a full supply of all the necessary material, and to proceed with the said work and every part and detail thereof in a careful, skillful, diligent and prompt manner, in order to finish and complete the same, and every part and detail thereof in a durable and substantial manner within ninety days from the date of starting the erection, which was to be started within ninety days from the date of the contract and approved plans. In the tenth clause of the contract the plaintiffs agreed in that the consideration payable to them for the performance thereof in accordance with its terms, to wit: $103,300, should be paid to them provided the work and materials to be done and furnished under the same should be done, furnished, and completed within the time specified. And they further agreed that for each and every day of failure to so complete the doing and furnishing of the said work

and materials, the said contract price should be abated by the sum of $100, which sum the plaintiffs agreed to receive in full payment and satisfaction for said work and materials.

The said contract in law provided for an alternative price for the work to be done by the defendants, its amount depending upon whether or not the plaintiffs complied with their contract in completing their work within the stipulated time, and if they did not do so, depending upon the amount of their delay. This claim involves the sum of $16,600 as a part of the original contract price for the work. If the jury believe that, owing to causes for which the plaintiffs were responsible in the contract, they delayed the completion of the work stipulated for a period equivalent to the amount involved in the claim, calculating for delay at the rate of $100 per day, the price payable to them under the contract was changed accordingly, and under the evidence no money would remain due the plaintiffs therefor, and the verdict should be for the defendant. *Answer :* Affirmed.

Verdict and judgment for plaintiffs for $19,718.61. Defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions ; (2) above instructions, quoting them.

*A. H. Wintersteen* and *George Tucker Bispham*, for appellant.— While the obligation of a contractor to complete a building in the time specified is enforceable according to its terms, yet where there was no stipulation to the contrary, he would be entitled to an allowance of additional time proportionate to the delays actually caused by alterations of plans : Lilly v. Person, 168 Pa. 219 ; Gillison v. Wanamaker, 140 Pa. 358.

Under the decisions it was clearly a condition of the plaintiffs' recovery to show a written claim for allowance of time within the contract, and such allowance by the architect. The decisions which insist upon the essentiality of such provisions of the contract as the above are very numerous : Hartupee v. Pittsburg, 97 Pa. 107 ; Quigley v. De Haas, 82 Pa. 267 ; Hostetter v. Pittsburg, 107 Pa. 419 ; Kennedy v. Poor, 151 Pa. 472 ; Gowen v. Pierson, 166 Pa. 258.

*M. Hampton Todd*, with him *Richard C. Dale*, for appellees.

OPINION BY MR. JUSTICE MITCHELL, October 11, 1901:

Plaintiffs sued for a balance on a building contract, and the defense was a defalcation of damages for delay. The contract provided that plaintiffs should enter upon the work at once when directed by the architect, and "finish and complete the same and every part and detail thereof in a durable and substantial manner, within ninety days from the date of starting the erection which is to be started within ninety days from the date of this contract and approved detail plans."

It is practically undisputed that the work was not done within the contract time, and the real question between the parties was who was responsible for the delay. There was evidence, including, inter alia, their own letters to the architect, that plaintiffs were partly in fault, but on the other hand there were several admitted changes of detailed plans, one as late as October 29, 1896, causing delay clearly chargeable to defendants. The question was therefore necessarily for the jury. It would have been more satisfactory in the result probably, had the jury's attention been directed specifically to the exact ascertainment of how much additional time plaintiffs were entitled to by reason of defendant's changes of plans, for that was the pinch of the case. But the evidence had been elaborately discussed by counsel on both sides, and the points presented covered the law so fully that the learned judge thought it sufficient, after a very brief general statement of the nature of the action, to limit his charge to his answers to the points. As no exception was taken to its adequacy, we assume that the charge was satisfactory to the appellant at the time except in the two matters assigned for error.

By the contract payments were to be made in monthly instalments " upon certificate of the architect to estimates and valuations for materials furnished and work done,"etc. Plaintiffs offered in evidence a certificate by the architect that plaintiffs " are entitled to the payment of Eighteen Thousand and Fifty-Two—68 Dollars on account of their contract with the Trustees of the Presbyterian Board of Publication and Sabbath School work, for material furnished and work done under steel and iron contract up to the date of this order."

The admission of this certificate is the first assignment of error. The certificate does not follow the language of the con-

tract, and so far as it certifies that plaintiffs "are entitled to payment," it is in excess of the architect's authority. But it is substantially a certificate of the amount or value of the work and materials furnished and therefore, prima facie, of the money earned. It was not claimed as anything more, being offered in connection with the bill showing how the amount was calculated, and the approval by the president of the defendant board, "without prejudice to any claims of the trustees to reduction of contract price as provided for," etc. It appeared therefore on the face of the certificate and the bill with the president's qualified approval, that it was not claimed as binding and conclusive, but only as prima facie evidence, which under the contract the plaintiffs were bound to present in the form of a certificate from the architect. It further appeared at the trial that five previous payments had been made upon the architect's certificates in the same form, during the progress of the work. It would therefore have been an unfair discri mination against the plaintiffs if the court had excluded the certificate for a defect in verbal form, which the previous dealings might fairly have led them to believe immaterial. The contract provided that " no certificate given or payment made under this contract shall operate as, or be held as an admission by the defendants, that this contract or any part thereof has been faithfully complied with, or that any detail of the work or of the materials has been properly done or furnished, in case the fact shall be otherwise," etc. This clause and the qualification in the president's approval of the bill for the amount in suit show clearly that the defense by defalcation of the damages for delay liquidated by the contract at $100 a day, was entirely open to defendants, and the course of the trial shows that it was so understood. Both parties gave evidence on that point and the judge affirmed defendant's requests for charge that the jury should deduct the amount stipulated for each day's delay for causes for which plaintiffs were responsible. If the defendant had at that time thought the effect of the certificate in danger of misconception by the jury, a re quest for specific instruction in that regard would no doubt have received adequate response.

The second assignment of error is to the affirmation of plaintiffs' point that if the jury believe " that the plaintiffs deliv-

ered the materials called for in the detail plans last approved
by the architect, Joseph M. Huston, within ninety days from
the said approval, and erected the same in place in the said
building within ninety days after the delivery thereof, and had
substantially completed the erection of all the structural steel
and iron work in said building within said last mentioned
ninety days, then they are entitled to recover," etc.

The objection to this is to the phrase "substantially com-
pleted," whereas the contract required plaintiffs to "finish and
complete the same and every part and detail thereof" within
the specified time. If plaintiffs' point stood alone it would
clearly be an inaccurate statement of the law of the case. But
it must be read in connection with the defendant's first point,
which stated the requirement of the contract in full, to wit:
that plaintiffs were bound to "finish and complete the same
and every part and detail thereof within ninety days," etc.
By his affirmance of this point the learned judge gave the jury
the exact rule applicable to the case, and in the form selected
by the defendant itself. It does not appear that any special
emphasis was laid by the court on either the word "substan-
tially" in the one point, or the words, "every part and detail
thereof" in the other, nor was he requested so to do. The only
specific instructions asked were embodied in the points them-
selves. In fact the work had finally been completed not only
substantially, but in every part and detail, and the attention
and efforts of the parties at the trial were directed, not so much
to the fact of completion as to the time of it. While as already
said, it would probably have been more satisfactory in the end
to both parties had the judge gone over the facts and the law
more in detail in his charge, yet he was not requested to do so,
and was entitled to follow his own judgment in regard to it.
It not infrequently happens when a case has been fully dis-
cussed before the jury by competent counsel, that a brief charge
in general terms is entirely sufficient for the occasion, though
when put in print for review it may seem very bare and inade-
quate. In such cases much must be conceded to the discretion
of the trial judge, and where no positive error appears, likely
to have misled the jury, the presumptions are all in favor of the
judgment. That is the case here. Under all the circumstances
we cannot say that the use of the word "substantially" fol-

lowed by the affirmative requirement that it should include "every part and detail," was error for which the judgment must be reversed.

Judgment affirmed.

MESTREZAT and POTTER, JJ., dissent.