# Jones et al., Appellants, *v.* Scranton Coal Co. et al.

*Deed—Contract for sale of land—Lost contract—Secondary evidence—Proof of contents—Book memorandum—Presumption—Act of March 28, 1786, 2 Sm. L. 375—Ancient document—Title—Estoppel—Middle initial—Indemnity—Ejectment — Assessments for taxes—Evidence.*

1. Where a contract for the sale of land has been lost and all the parties to it have long been dead, secondary proof in the nature of a book memorandum of the contract is admissible in evidence, without proceedings first brought under the Act of March 28, 1786, 2 Sm. L. 375. Hamilton v. Swearingen, Addison 47, and Smith v. Bonsall, 5 Rawle 80, distinguished.

2. If such memorandum is more than thirty years old, it is competent as an ancient document, without further proof than that it was found among the papers of the person who made it.

3. The fact that such paper comes from the proper custody after the lapse of thirty years or more raises a presumption of validity and stands for primary proof.

4. The existence of the power in the court to supply lost records does not interfere with the rule of evidence which admits proof of contents.

5. In an action of ejectment brought in 1915, where it appears that the land in dispute was sold in 1848, under a contract to one David Thomas, that the contract was assigned to other parties who paid the purchase money and received a deed in 1851 therefor, in which the grantor appears as David D. Thomas, and the original owner in 1853 made a deed to David Thomas, it may be shown by a book memorandum of the contract of sale, that David Thomas and David D. Thomas were one and the same person.

6. In such case the deed to David D. Thomas in 1851, passed no legal title at the time, but it operated by way of estoppel when he subsequently took title, and it being shown that David D. Thomas and David Thomas were the same person, a good title was vested in his grantees under the deed of 1851.

7. In such case it is not error for the trial judge to exclude the testimony of witnesses that the David Thomas in question was without a middle letter in his name, and that the name was quite common in the neighborhood at the time, where it appears that such witnesses were but ten or twelve years of age at the time, and had no particular knowledge of the business transaction of David Thomas or of the manner in which he signed his name.

8. The court, in such case, cannot be convicted of error in charging that "where in a regular chain of title the first and last name appear the same, the omission or addition of a middle initial in a name in the deed, where the same land is described, is of no importance," where such instruction is immediately followed by a detailed statement of the question to be decided, with an instruction that the burden was on defendants to prove that the two names were the same.

9. While assessment books may be received as supporting an inference that property was owned by the person in whose name assessed, or in support of a claim of title, or of the fact and extent of adverse possession, yet payment of taxes by one party or the other cannot affect the title in an action of ejectment; accordingly such books are not evidence of title, and, conversely, failure to pay taxes or absence of assessment in the name of the party in possession will not prove want of title.

Argued February 20, 1922.   Appeal, No. 10, Jan. T., 1922, by plaintiffs, from judgment of C. P. Lackawanna Co., Nov. T., 1915, No. 767, on verdict for defendant, in case of Ephraim Jones et al. v. Scranton Coal Co. et al. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Ejectment.   Before SEARLE, P. J., specially presiding. The opinion of the Supreme Court states the facts.

Verdict and judgment for defendants.   Plaintiffs appealed.

*Errors assigned* were various rulings and instructions, appearing by the opinion of the Supreme Court, quoting record.

*R. W. Archbald* and *Rush Trescott*, with them *Paul J. Sherwood*, for appellants.—Where title to land is taken in the name of a particular grantee, and a person of different name undertakes subsequently to convey the same land, a party claiming under the latter deed must show by competent evidence that the person named as grantee in the former deed is the same person named as grantor

in the latter deed: Smith v. Bonsall, 5 Rawle 87; Good's Petition, 1 Pa. Dist. R. 569.

Even the recital in a deed that the consideration money has been paid is not evidence of the fact against parties not claiming under it: Lloyd v. Lynch, 28 Pa. 419; Ball v. Campbell, 134 Pa. 602; McKnight v. Newell, 207 Pa. 562.

Aside from the question of the necessity of complying with the Act of 1786, the so-called contract book produced by defendants was incompetent for the purpose for which it was offered.

Persons of the same name are individuated by various additions, by title, by profession, residence, or seniority, numerals, color of complexion or hair, and "sometimes by an initial": Wood v. Reynolds, 7 W. & S. 406; Irwin Gas Coal Co. v. Coal Co., 270 Pa. 443.

*H. A. Knapp,* of *Knapp, O'Malley, Hill & Harris,* with him *James E. Burr,* for appellee.—While the fact of the former existence of a written instrument must be clearly proved, direct evidence is not required in all cases, but the proof may be made by showing facts and circumstances from which the existence of the instrument may be inferred: Logan v. Gardner, 136 Pa. 588; Bright v. Allan, 203 Pa. 386; Brown v. McCormick, 6 Watts 60; Shaw v. Galbraith, 7 Pa. 111; Root v. Crock, 7 Pa. 378; Tryon v. Munson, 77 Pa. 250; Minick v. Marshall, 48 Pa. Superior Ct. 43.

The term "ancient document" includes any private writing that is at least thirty years old: Barr v. Gratz, 4 Wheaton 212; Everly v. Stoner, 2 Yates 122. The term includes books: Rogers v. Riddlesberger, C. & I. Co., 31 Leg. Int. 325; Burchfield v. McCauley, 3 Watts 9; and ancient receipts: Lewis v. Lewis, 4 W. & S. 378; Urket v. Coryell, 5 W. & S. 60.

"An initial letter interposed betwixt the Christian and surname is no part of either": Franklin v. Talmage, 5

Johns. 84; Bratton v. Seymour, 4 Watts, 329; Smith v. Walker, 98 Pa. 133; Crouse v. Murphy, 140 Pa. 335.

The assessment books were properly excluded because they had no probative value and were mere ex parte records: Phila. v. Gowen, 202 Pa. 453.

OPINION BY MR. JUSTICE FRAZER, May 15, 1922:

Plaintiffs sued in ejectment to recover a tract of land situated in Blakely Township, Lackawanna County, containing 62 acres and 45½ perches, being "part of two tracks surveyed on warrant to John Randall and Hezekiah Walker." Both plaintiffs and defendants claim title through George M. Hollenback to whom a grant of a larger tract, which includes the land in dispute, was made by the Commonwealth, February 27, 1850. By deed dated November 15, 1853, Hollenback conveyed the land in question to David Thomas, the consideration named being $436. David Thomas died July 8, 1857, leaving a will recorded in Luzerne County in which he devised his real and personal property to his children, through whom plaintiffs claim in this action. Defendants claim by virtue of a deed from David D. Thomas to Rensselar J. Wisner and Jonathan L. Wood, dated January 8, 1851, and a conveyance by Wisner and Wood, dated May 20, 1854, to Sylvester Johnson and subsequent conveyances whereby the title finally vested in them. On the face of these various conveyances it appears the conveyance from David D. Thomas to Wisner and Wood was made nearly three years previous to the vesting of the title in David Thomas by deed from Hollenback. In explanation of this situation defendants offered in evidence a book memorandum of a contract produced from among the papers of Hollenback, by his executor, which tended to show that David Thomas purchased the land in controversy under contract from Hollenback January 1, 1848, and, on January 8, 1851, assigned the agreement to Wisner and Wood, who subsequently paid the balance of the purchase money, and,

according to a memorandum on the margin, a deed was given them November 15, 1853. The deed to Wisner and Wood was given on the date of the assignment, and, if so, it is conceded that while it passed no legal title at that time it would operate by way of estoppel if the title subsequently became vested in Thomas; consequently, the sole question of fact involved in the case was whether David D. Thomas, the grantor in the deed to Wisner and Wood, was the same person as David Thomas, to whom the land was conveyed by Hollenback. The jury answered this in the affirmative and returned a verdict for defendants and plaintiffs appealed from a judgment thereon. The questions here involved relate mainly to the competency and sufficiency of proofs offered by defendants to establish identity.

Defendants objected to the admission of the book memorandum of the contract referred to and here contend that, inasmuch as it appeared the original could not be found, its existence and contents must be established by proceedings brought under the Act of March 28, 1786, 2 Sm. L. 375, and its supplements, before secondary evidence of its contents became admissible, and, in support of their contention, rely on Hamilton v. Swearingen, Addison 47, and Smith v. Bonsall, 5 Rawle 80. Of these two decisions the latter is dictum so far as this question is concerned, resting solely on the former case, which is of doubtful authority for the principle relied upon here, because one of the courses plaintiff might have followed to replace the lost deed, as there pointed out by the court, was to apply for a deed of confirmation from the grantor and on his refusal proceed under the act of assembly. It thus appears the parties to the transaction were alive when the case was tried, and the decision was based on the application of the best evidence rule, the act of assembly providing for a compulsory appearance of witnesses having knowledge of the facts. Here all the parties to the transaction have long since died and there is no possibility of procuring, by statutory proceedings,

better evidence of the existence of the agreement than that offered at the trial. Under the circumstances, nothing would be gained by adopting the course laid down by statute for supplying lost deeds or writings concerning lands. In Miltimore v. Miltimore, 40 Pa. 151, 155, and Richard's Appeal, 122 Pa. 547, 556, this court held: "The existence of the power in the court to supply lost records does not interfere with the rule of evidence which admits proof of contents. The loss may not be discovered until the trial is progressing. There would be no time then to file a bill on the chancery side of the court, to perpetuate the proof necessary for a foundation from which to supply the record; and it might be disastrous for one or the other of the parties to delay the cause for such purpose." The same general rule has been followed in other jurisdictions. See 25 Cyc. 1612 and cases cited.

The secondary evidence offered being admissible as the best evidence of the agreement, it was clearly competent as an ancient document without further proof than that it was found among the papers of decedent by his executor. The fact that such papers come from the proper custody after the lapse of thirty years or more raises a presumption of their validity and stands for primary proof. This presumption is founded on the antiquity of the writing and the great difficulty or impossibility of procuring other proof after so long a period of time. In McReynolds v. Longenberger, 57 Pa. 13, 30-33, this rule and its application is fully discussed.

The memorandum being properly received in evidence, it offers an explanation of the fact that the conveyance from Thomas to defendant's predecessors in title antedates the deed to Thomas and supplies the preliminary proof necessary to show Thomas had title or interest in the land at the time he conveyed to Wisner and Wood: Schrack v. Zubler, 34 Pa. 38; Bonaffon v. Peters, 134 Pa. 180. The book also contains other significant facts. Thomas's name is written in one place with a "D" while

in another place that letter is omitted. The description of the property and the consideration corresponds with that contained in the deed to David Thomas, while the transfer of the contract to Wisner and Wood (the memorandum of which includes the middle initial "D" in his name) bears the same date as the deed to them, and the memorandum on the margin gives the date of the deed from Hollenback as November 15, 1853, on which date the final payment to him was made and the deed executed by him. All this offers a logical explanation of the discrepancy in the dates of the conveyances and also shows that David Thomas and David D. Thomas were one and the same person.

Plaintiffs complain of the action of the trial judge in excluding the testimony of witnesses offered to show that the David Thomas in question was without a middle letter to his name and that the name was quite common in the neighborhood at that time. We are unable to see how proof of the latter part of this offer could benefit plaintiffs' case. However this may be, as was observed by the court below, the witnesses were but ten or twelve years of age at the time in question, sixty-five years before the trial, and we find nothing to indicate particular means of knowledge on the part of the witnesses concerning the business transactions of David Thomas and the manner in which he signed his name. Under the circumstances, their testimony, if received, would have had such little weight, as against the documentary evidence, that a verdict based upon it could not be sustained. The error, if any, in excluding the evidence did not harm plaintiffs.

Defendants requested the court to charge that "where in a regular chain of title the first and last name appear the same, the omission or addition of a middle initial in the name in a deed, where the same land is described, is of no importance and the presumption is that it was the same man, in the absence of competent proof to the contrary." This was affirmed but immediately followed by

a detailed statement of the question to be decided and a discussion of the evidence applicable to the facts stated in which the jury was instructed that the burden was on defendants to prove the two names were of the same person. Under the particular circumstances of this case we find no reversible error in this part of the charge: Bailey v. Presbyterian Board, 200 Pa. 406.

The township assessment books covering the period of time in question were offered by plaintiffs to show the property was not assessed in the name of David Thomas in Pittston Township nor in the name of Wisner and Wood. This evidence was properly rejected. While assessment books may be received as supporting an inference that property was owned by the person in whose name assessed (Irwin v. Patchen, 164 Pa. 51) or in support of a claim of title (Miller v. Baker, 160 Pa. 172) or of the fact and extent of a claim by adverse possession (Hockenbury v. Snyder, 2 W. & S. 240), yet payment of taxes by one party or the other cannot effect the title in an action of ejectment; accordingly, such books are not evidence of title (Quin v. Brady, 8 W. & S. 139; Graft v. Loucks, 138 Pa. 453, 457) and conversely failure to pay taxes or absence of assessment in the name of the party in possession would not prove want of title. Defendants here had been in undisturbed possession of the property under their deed since 1853. We find nothing in this record which would justify a disturbance of that possession.

The judgment is affirmed.