417 A.2d 1185

**Clarence E. LOUDEN, Jr., Appellant,**

**v.**

**The APOLLO GAS COMPANY, a Pennsylvania Corporation.**

Superior Court of Pennsylvania.

Argued April 9, 1979.

Filed Jan. 4, 1980.

550

James G. Callas, Kittanning, for appellant.

Edward J. Steiner, Kittanning, for appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

HESTER, Judge:

Presently before the court is an appeal from the Decree of the lower court dated August 21, 1978, Dismissing Appellant's Exceptions to the Chancellor's Adjudication and Decree Nisi.

The facts in this case may be briefly summarized as follows:

Appellant acquired title to approximately one hundred fifty (150) acres in Wayne Township, Armstrong County, Pennsylvania, under deed dated June 11, 1971. The land in question had previously been owned by one William D. McIntire who by a document dated March 20, 1900, granted a right of way to the Pittsburg Plate Glass Company to "lay, use, maintain, repair and renew a line or lines of pipe for the transportation of natural gas over and through the land . . ." (R. p. 10a–11a). This document captioned "Memorandum of Agreement" was not recorded. Said Agreement was assigned by the Pittsburgh Plate Glass Company on April 22, 1971, to Appellee; as was a gas lease dated April 26, 1971, and recorded April 28, 1971.

After acquiring and taking possession of the property, Appellant subsequently filed a Complaint in Equity alleging that the Appellee has improperly maintained a transmission line for natural gas across its land, and, therefore, requested that the Appellee remove its natural gas transmission line from its land and be assessed monetary damages. Contrarywise, Appellee contends that it has the right to transport natural gas via a transmission pipe line across Appellant's

lands pursuant to the provisions of the unrecorded Memorandum of Agreement dated March 20, 1900.

After hearing, the Chancellor issued twenty-one (21) Findings of Fact, four (4) Conclusions of Law, and a Decree Nisi denying the relief sought by Appellant and dismissing his Complaint in Equity. At the foundation of the Chancellor's Adjudication, it was concluded that (a) the unrecorded document dated March 20, 1900, granting an easement to Appellee's predecessor in title for the construction, maintenance and use of a transmission line for natural gas over the land in question, is admissible into evidence under the "Ancient Document Rule", and (b), Appellant must be charged with constructive notice of Appellee's transmission line easement, and, therefore, Appellant acquired the land in question, under the facts at bar, subject to Appellee's right to maintain and transport natural gas over Appellant's property via the existing transmission gas pipe line.

We agree and affirm the Order of the lower court.

The law of the Commonwealth is such that "we recognize that the findings of facts of the chancellor, who heard the testimony without a jury, approved by the court en banc, are entitled to the weight of a jury's verdict, that such findings are controlling and that the court's decree should not be reversed unless it appears that the court abused its discretion or that the court's findings lack evidentiary support or that the court capriciously disbelieved the evidence." *Bogosian v. Foerderer*, 264 Pa.Super. 84, 399 A.2d 408 (1979); *Chatham Communication v. General Press*, 463 Pa. 292 at 297, 344 A.2d 837 at 840 (1975); *Lanning Will*, 414 Pa. 313, 316, 200 A.2d 392, 393 (1964); *Sterrett v. Sterrett*, 401 Pa. 583, 166 A.2d 1 (1960); *Brown v. Gresh*, 402 Pa. 35, 165 A.2d 629 (1960). However, where the conclusions reached by the Chancellor, either of law or ultimate fact, are no more than the Chancellor's reasoning from the underlying facts, such conclusions are reviewable. *Shapiro v. Shapiro*, 424 Pa. 120, 127, 224 A.2d 164, 168 (1966).

Following a careful review of the record, we find that the Chancellor's Findings of Fact and Conclusions of Law are supported by a preponderance of the credible evidence and, as such, said Findings and Conclusions are controlling upon this court and shall not be disturbed.

We conclude that the lower court was correct in admitting into evidence, over objection by Appellant, the "Memorandum of Agreement" granting a natural gas transmission pipe line easement to Appellee's assignor under the "Ancient Document Rule", as same has been adopted in limited instances in this Commonwealth.

The "Ancient Document Rule" has been uniformly interpreted to exempt from the general rule requiring documents to be authenticated by the testimony of subscribing witnesses when: the document is at least thirty years old, is free from suspicious alterations and erasures, and has been in the proper custody. See *McReynolds v. Longenberger*, 57 Pa. 13 (1868); *Jones v. Scranton Coal Co.*, 274 Pa. 312, 118 A. 219 (1922); *Commonwealth v. Ball*, 277 Pa. 301, 121 A. 191 (1923); and Brown, *Pennsylvania Evidence*, pp. 212–217 (1949 Ed.)

The Rule creates a presumption that a document under the conditions set forth above is self-authenticating; otherwise, the antiquity of the document itself would, by definition, create great difficulty or impossibility of actual authentication.

In the instant case, all conditions precedent for the applicability of said Rule have been satisfied: first, the Memorandum of Agreement was in the custody of the party legally entitled to it; Mr. Williams testified the Pittsburgh Plate Glass Company turned it over to him in 1971 and that it remained in his possession until the time of trial; second, the said document is obviously over thirty years old since it (even though a photographic or xerographic reproduction of

the original) bears a date of March 20, 1900; on the face of the Memorandum appears an Internal Revenue documentary stamp with a cancellation date of March 20, 1900, and the spelling of "Pittsburgh", without the "h" at the end indicates the document is from the turn of the century period;[1] and, finally, the document on its face is free of suspicion since there is a total absence of any erasures, alterations, or interlineations.

Accordingly, we conclude that the lower court did not abuse its discretion in concluding that the document titled "Memorandum of Agreement" and dated March 20, 1900, is genuine and, therefore, admissible into evidence under the "Ancient Document Rule", as same has been implied in Pennsylvania.

■ The more difficult issue raised by Appellant is whether or not the lower court abused its discretion in charging Appellant with *constructive* notice of the existence of the *unrecorded* natural gas transmission pipe line over his land. Appellant contends that he is a "bona fide purchaser for value without actual or constructive notice of the easement." Appellant argues that his visible inspection of the property prior to purchase led him to conclude that any pipe which he was able to see on the surface of the land was used as a gathering line for the known wells pursuant to the known existing lease which granted permission to maintain a gathering line (R. 27a). Appellant also acknowledges that his inspection of the property revealed a 20 foot wide, cleared and mowed swath, traversing the property a total distance of approximately 3600 feet, and that three known gas wells had been drilled on the property, and branch lines running from the 20 foot wide swath to each well had been cleared and mowed, each being 10 feet wide. Additionally, gate

1. We take judicial note of the fact that maps, statutes, and other public documents dropped the "h" from the spelling of "Pittsburgh" in 1893, until the Scottish suffix "burgh" was reinstated in approximately 1904.

boxes at the junction of the branch and main lines were visible.

Appellant claims that when he saw the larger clearances and posts of the main transmission line, he assumed it was part of the gathering lines for the wells he knew to exist. Appellant contends that the lower court abused its discretion in charging him with constructive notice of the gas transmission pipe line based on the set of operative facts at bar.

The lower court concludes otherwise, and we agree. As the lower court found, the Appellant "armed with the knowledge that the (Appellee) was running gas lines through his property, combined with his visual observance of different size clearances, numerous gate boxes and line markers, had a duty to inquire into the full extent of the Appellee's activity. His (Appellant's) assumption that all the lines were part of the 'gathering' system, does not excuse him from this duty to inquire, and the effect is that the law places upon him constructive notice of the (Appellee's) easement." The lower court concluded, and we agree, that the exercise of ordinary diligence would have provided Appellant with the actual knowledge of the existence of Appellee's main transmission line. Appellant, an experienced gas operator for approximately thirty years, should have been placed on notice that there existed upon the land a main transmission line for the reason that the diameter of the main transmission line is substantially larger than the gathering or branch lines leading from the three gas wells. It should have been abundantly clear to Appellee prior to his purchase of the property that there existed a main transmission line, at least to the extent that he, by the exercise of reasonable diligence, should have been alerted to the need for further investigation prior to purchase.

We conclude that the lower court did not abuse its discretion in charging Appellant with constructive notice of the existence of the unrecorded easement for the main transmission pipe line that traversed his property.

Decree affirmed.