597 A.2d 285

**CARNEGIE NATURAL GAS COMPANY, Appellant,**

v.

**Harry L. BRADDOCK and Christine M. Parker, his wife, Appellees.**

Commonwealth Court of Pennsylvania.

Argued May 2, 1991.

Decided Sept. 12, 1991.

384

Joseph L. Robinson, for appellant.

David C. Hook, for appellees.

Before McGINLEY and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Before us is an appeal by Carnegie Natural Gas Company (Carnegie) from an order of the Court of Common Pleas of Greene County (trial court) dismissing Carnegie's preliminary objections to the Petition for the Appointment of Viewers filed by Harry L. Braddock (Braddock) under the Eminent Domain Code (Code).[1]

The history, pertinent to our review, is as follows. On May 26, 1898, Carnegie obtained a right of way to install a 10 inch pipeline for the transportation of oil and gas over the property now owned by Braddock. The right of way agreement for the 10 inch pipeline was never recorded with the Greene County recorder of deeds.

On November 21, 1910, Carnegie obtained a second right of way over the Braddock property to install and operate a 12 inch pipeline. This easement was recorded 10 years

1. Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§ 1–101—1–903.

later.[2] The 10 and 12 inch pipelines run parallel across the property owned by Braddock, approximately six to eight feet apart. Braddock purchased the property in question in November of 1986. At that time he was aware of Carnegie's pipeline activity[3] but did not know how many pipelines were located on the property. A title examination performed prior to purchase advised Braddock the property "may be subject to rights-of-way for public utilities." No specific easements were reported.

The present action was initiated due to Carnegie's replacement of the 10 inch pipeline on Braddock's property in October of 1988. Thereafter, on February 2, 1990,[4] Braddock filed a Petition for the Appointment of Viewers alleging a *de facto* taking of his property by Carnegie's use and occupancy of the 10 inch gas pipeline on his property and Carnegie's abandonment of its easement for the 12 inch pipeline. Carnegie then filed preliminary objections stating that there was no taking and no abandonment.[5] The trial court conducted a hearing on July 24, 1990. Thereafter, on September 10, 1990, the trial court issued an order denying Braddock's claim for abandonment of the 12 inch pipeline and determining Carnegie did not have a valid easement for its 10 inch pipeline. In its opinion of the same date, the trial court concluded Braddock was a bona fide purchaser of the property with neither actual nor constructive notice of the existence of the 10 inch pipeline. As such, the trial court determined that replacement of the pipeline constitut-

2. The 1910 agreement was recorded in Greene County on August 21, 1920. R.R. 40a.

3. Braddock was aware of Carnegie's prior pipeline activity from having grown up on a farm contiguous to the property.

4. Braddock initially commenced this action by filing a complaint. By an order dated January 16, 1990, the trial court directed Braddock to file the appropriate pleadings under the Eminent Domain Code, which governed the action.

5. Carnegie also asserted that if a taking was established, Braddock was not entitled to compensation because only the owner of the property at the time of the condemnation is entitled to damages. This issue is not before us for consideration. But *see In re Condemnation by Department of Transportation of Right of Way for Legislative Route 67045,* 71 Pa.Commonwealth Ct. 224, 455 A.2d 229 (1983).

ed a *de facto* taking for which Braddock was entitled to damages.

On September 21, 1990, Carnegie filed a motion for reconsideration which was subsequently denied by the trial court on November 26, 1990. Carnegie now appeals to this Court from the portion of the trial court's order finding Braddock was a bona fide purchaser of Carnegie's easement for the 10 inch pipeline. Braddock has not appealed the trial court's finding that Carnegie had not abandoned the 12 inch pipeline.

■■■ We must now determine whether Braddock was indeed a bona fide purchaser of the unrecorded easement for the 10 inch pipeline. Initially, we note that where a trial court dismisses preliminary objections to a petition for appointment of viewers, our scope of review is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Department of Transportation v. Martinelli*, 128 Pa.Commonwealth Ct. 448, 563 A.2d 973 (1989). Findings of fact by the trial court will not be disturbed if supported by substantial evidence. *Erie Municipal Airport Authority v. Agostini*, 127 Pa.Commonwealth Ct. 360, 561 A.2d 1281 (1989), *appeal denied*, 525 Pa. 586, 575 A.2d 116 (1990). Additionally, review of such cases must be conducted on a case-by-case basis with final resolution predicated upon the totality of the evidence presented. *Id.*

■■■ Carnegie concedes that their failure to record the right of way for the 10 inch pipeline deprived it of the protection of the recording statutes as to subsequent purchasers. However, Carnegie argues that Braddock had actual and constructive notice of the easement for the 10 inch pipeline. Specifically, Carnegie asserts that Braddock had constructive notice because he admittedly knew of gas pipeline activity on the property before he purchased it. Because of this awareness, Braddock had a duty to inquire as to the full extent of activity on the property, Carnegie contends. Carnegie also specifically asserts Braddock had

actual notice because of testimony that he actually observed Carnegie's gas pipeline activity and saw a mowed path, a meter house and a line marker on the property.

In reaching its determination, the trial court found it was "undisputed that prior to the replacement of the ten-inch pipeline that the two pipelines were marked in such a manner that only one pipeline would have been indicated." Upon consideration of the testimony, the trial court found Carnegie's contention that Braddock's knowledge of pipeline activity imposes a duty to contact Carnegie or the public utility commission to inquire into the number of pipelines on the property "contrary to the word and spirit of the recording statutes of the Commonwealth." We agree with the rationale of the trial court.

Section 351, 21 P.S. § 351, of the Pennsylvania recording statute states in pertinent part:

> All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, ... shall be recorded in the office for the recording of deeds in the county where such lands, ... are situate. *Every such deed, ... which shall not be acknowledged or proved and recorded, as aforesaid, shall be ... void as to any subsequent bona fide purchaser ... duly entered in the prothonotary's office of the county in which the lands, ... are situate, without actual or constructive notice unless such deed, ... shall be recorded, ... before the recording of the deed ... under which such subsequent purchaser, ... shall claim....* (Emphasis added.)

A bona fide purchaser is defined as one who pays valuable consideration, has no notice of outstanding rights of others, and acts in good faith. Black's Law Dictionary 161 (5th ed.1979). The trial court concluded that Braddock was a bona fide purchaser with no notice, either actual or constructive, of the existence of the right of way for the 10 inch pipeline. The burden of proving notice is upon the party asserting unrecorded rights in the property. *Lund v.*

*Heinrich,* 410 Pa. 341, 189 A.2d 581 (1963). As found by the trial court, Carnegie failed to meet this burden.

Our review yields no abuse of discretion or error of law in the trial court's determination that Braddock is a bona fide purchaser who had no actual or constructive knowledge of the 10 inch pipeline.[6]

## ORDER

AND NOW, this 12th day of September, 1991, the September 10, 1990 order of the Court of Common Pleas of Greene County is affirmed.

---

**6.** In reaching this conclusion we are not unaware that the Superior Court has taken a more rigid approach of imposing upon purchasers a legal duty to inquire into the full extent of the activity on the property in question. *See Louden v. Apollo Gas Co.,* 273 Pa.Superior Ct. 549, 417 A.2d 1185 (1980). However, the Superior Court's decision in *Louden* was based upon rather overwhelming indicia of the existence of a pipeline easement, e.g. the land purchaser was armed with the knowledge that the gas company was running gas lines through his property, had visually observed different size clearances, numerous gate boxes and line markers, and was an experienced gas operator for approximately 30 years. Additionally, Louden sought total removal of the pipeline and monetary damages while in the case *sub judice,* Braddock simply seeks compensation.