J-A10026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL RODGERS AND MALIK THOMPSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1921 EDA 2023 |
| MARK A. JOHNSON AND PHALANX MANAGEMENT, MICHAEL MCKENZIE, PRIORITY INVESTMENTS, LLC | : | |

Appeal from the Judgment Entered December 20, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210402664

BEFORE:   PANELLA, P.J.E., BECK, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED DECEMBER 12, 2024**

Appellant, Michael Rodgers,[1] appeals from a judgment following a non-jury trial entered by the Court of Common Pleas of Philadelphia County in favor of defendants Mark A. Johnson, Phalanx Management (Phalanx), Michael McKenzie, and Priority 1 Investments LLC (Priority) in a quiet title action

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The notice of appeal stated that the appeal was filed on behalf of both Rodgers and the other person named in the caption as a plaintiff, Malik Thompson.  As is discussed in more detail below, however, the record indicates that the attorney who filed the appeal does not represent Thompson. Complaint ¶1(b) (stating that Thompson "has not consented to be a plaintiff in this action" and was involuntarily joined as a plaintiff by Rodgers' attorney); Trial Court Opinion at 2 n.4.  As the attorney who filed this appeal represents only Rodgers, Rodgers is the sole appellant in this case.

concerning a property at 2245 N. Broad Street, Philadelphia, Pennsylvania (the Broad Street Property). For the reasons set forth below, we affirm.

On April 28, 2021, Rodgers filed a quiet title complaint alleging that he and Malik Thompson were the owners of the Broad Street Property under an unrecorded December 2015 deed from Priority, alleging that Priority subsequently transferred ownership of the Broad Street Property to Phalanx, a corporation of which Johnson is the sole shareholder, and seeking to set aside Phalanx's deed to the Broad Street Property. Complaint ¶¶2(b), 9-11, 13-15, 23. Rodgers joined Thompson as an involuntary plaintiff and named Johnson, Phalanx, Priority, and Priority's sole member, McKenzie, as defendants. *Id.* ¶¶1-2. In his complaint, Rodgers also alleged that he, Thompson, McKenzie, Priority, Johnson, and Phalanx were all parties to a sequence of transactions involving his and Thompson's purchase of the Broad Street Property from Priority and an agreement by Johnson to satisfy the liens that were on the Broad Street Property in exchange for Rodgers selling a property on Thompson Street in Philadelphia to Phalanx at a price below market value. *Id.* ¶¶3-7.

Johnson and Phalanx filed an answer and new matter to the complaint in which they alleged that Rodgers offered to sell them the Broad Street Property but later admitted that it was owned by Priority, that Rodgers and McKenzie, who Rodgers characterized as his business partner, informed Johnson that Rodgers was authorized to sell the Broad Street Property for

Priority, and that all payments for the Broad Street Property were to be made to Rodgers. Answer and New Matter ¶¶6, 32-35. Johnson and Phalanx alleged that in 2016, in accordance with these discussions, they paid Rodgers a total of $44,000 for the Broad Street Property and Phalanx received a deed for the Broad Street Property from Priority, which was the record owner of the Broad Street Property. *Id.* ¶¶6, 13-14, 17, 38-40. Johnson and Phalanx also alleged that the sale of the Thompson Street property to Phalanx was a separate transaction with Rodgers and that Rodgers sold the Thompson Street property to Phalanx for $12,000, which was not under market value given the condition of the property and liens against it. *Id.* ¶¶6, 30-31. McKenzie and Priority did not file an answer to Rodgers' quiet title complaint.

A two-day non-jury trial was held on March 13 and 14, 2023. At this trial, Rodgers and McKenzie testified in support of Rodgers' claims. Johnson and Phalanx called Johnson and two witnesses who were not parties to any sale of the Broad Street Property. Thompson did not testify or participate in the trial.

Rodgers testified that in December 2015, he and Thompson bought the Broad Street Property from Priority for $22,500 and received a deed from Priority transferring the Broad Street Property to them. N.T. Trial, 3/13/23, at 104-07. Rodgers denied that he participated in a sale of the Broad Street Property from Priority to Phalanx and denied that he told Johnson that Priority owned the Broad Street Property. *Id.* at 122-25, 131-32, 142-43. Rodgers

testified that the Broad Street Property had substantial IRS liens on it and that he and Johnson agreed that Johnson would help take care of those liens in exchange for Rodgers selling Johnson the Thompson Street property. *Id.* at 103-04, 109-10, 145, 149-50. Rodgers testified that the $44,000 that he received from Johnson and Phalanx was payment for the Thompson Street property but admitted that the last of these checks stated on the memo line "2245 North Broad Street final payment." *Id.* at 132, 155-56, 158-59, 162-63. Rodgers admitted that the December 2015 deed transferring the Broad Street Property from Priority to him and Thompson was never recorded and claimed that he did not record the deed because he thought that the IRS liens might have made the sale of the Broad Street Property illegal. *Id.* at 120-21. Rodgers admitted that he knew by May or June of 2016 that there was a recorded deed transferring the Broad Street Property from Priority to Phalanx. *Id.* at 141-42, 191-92.

McKenzie testified that he is the sole member of Priority and that in December 2015, he entered into an agreement for Priority to sell the Broad Street Property to Rodgers and Thompson for $22,000, Rodgers and Thompson paid that purchase price, and he gave Rodgers and Thompson a deed from Priority transferring the Broad Street Property to them. N.T. Trial, 3/13/23, at 43-50. McKenzie testified that he did not communicate with Johnson in 2015 or 2016 and did not recall Priority's January 2016 deed transferring the Broad Street Property to Phalanx but admitted that the

- 4 -

signature on the deed appeared to be his signature and that there was a February 2016 email communication from Johnson to McKenzie's Priority email address concerning the Broad Street Property. *Id.* at 44-45, 50-56, 62-65. McKenzie also denied that he was party to the agreement alleged by Rodgers concerning both the Broad Street Property and the Thompson Street property and admitted that he did not know if Rodgers gave the January 2016 deed to Johnson. *Id.* at 60-62, 72-73.

Johnson testified that he bought the Thompson Street property, which was vacant and dilapidated, from Rodgers in January 2016 for $12,000. N.T. Trial, 3/13/23, at 237-46. Johnson testified that Rodgers also offered to sell him the Broad Street Property and that he later agreed to buy the Broad Street Property for $50,000. *Id.* at 246-49. Johnson testified that made an initial $10,000 deposit toward this purchase of the Broad Street Property to Rodgers' account in early February 2016 believing that Rodgers was the owner and identified an email confirming this deposit and that it was for "the building on Broad Street." *Id.* at 251-56. Johnson testified that he later learned from a title report that the Broad Street Property was owned by Priority, not Rodgers. *Id.* at 253, 256-57. Johnson testified that Rodgers then admitted that he was not the owner and connected him with McKenzie, who directed him to deal with Rodgers to buy the Broad Street Property from Priority and to make the payments for the Broad Street Property to Rodgers, and identified an email that he sent to McKenzie at Priority's email address confirming that Johnson

was buying the Broad Street Property from Priority. *Id.* at 253-54, 256-60. Johnson testified that Rodgers reduced the total price for the Broad Street Property from $50,000 to $44,000 to obtain the final payment earlier and that he paid Rodgers that amount and identified deposit records and checks from him and Phalanx paying Rodgers a total of $44,000 for the Broad Street Property, the last of which, a check dated July 21, 2016, stated that it was final payment for the Broad Street Property. *Id.* at 259-68. Johnson testified that he understood that Rodgers and McKenzie were splitting the money that he paid Rodgers for the Broad Street Property. N.T. Trial, 3/14/23, at 96-97.

Johnson further testified that in April 2016, Rodgers gave him the January 2016 deed transferring the Broad Street Property from Priority to his corporation, Phalanx, and he recorded that deed. N.T. Trial, 3/13/23, at 268-72; N.T. Trial, 3/14/23, at 36-37, 114. Johnson testified that Rodgers told him that Rodgers had previously planned to buy the Broad Street Property but had not bought it and that when Rodgers gave him the deed, Rodgers also gave him a document, which the parties refer to as "the Void Letter," reciting that McKenzie represented that a prior transaction between Priority and Rodgers and a Malik Thomas for the sale of the Broad Street Property was not consummated. N.T. Trial, 3/13/23, at 290-92; N.T. Trial, 3/14/23, at 66-68, 71-74, 80-84, 106-08, 113. Johnson testified that he never saw any purchase and sale agreement for the Broad Street Property between Priority and anyone else or any deed from any such alleged sale and that he confirmed at the time

of purchase that Priority was the owner of the Broad Street Property from multiple reports and records, including the title report, the property records, and an appraisal. N.T. Trial, 3/14/23, at 76, 106, 115. Johnson testified that Rodgers never complained that Johnson's purchase of the Broad Street Property was invalid before filing suit in 2021, testified that Rodgers continued offering him properties, and identified text messages from Rodgers to him in late 2016 and 2017 offering to sell him other properties. N.T. Trial, 3/13/23, at 279-85, 292.

Johnson's brother testified that he was friends with Rodgers and that Rodgers told him that he, Rodgers, was selling the Broad Street Property to Johnson, and that Johnson bought the Broad Street Property from Rodgers. N.T. Trial, 3/14/23, at 118, 122-23. A woman at whose restaurant Johnson and Rodgers met to discuss a real estate transaction testified that Rodgers told her that Johnson bought the Broad Street Property from him. *Id.* at 148.

The trial court issued its findings of fact and conclusions of law on June 27, 2023. In this decision, the trial court found Johnson's testimony credible in its entirety and found Rodgers and McKenzie not credible to the extent that their testimony differed from Johnson's. Trial Court Findings of Fact and Conclusions of Law ¶¶12, 15, 17. The trial court rejected Rodger's claims concerning his transactions with Johnson, found that Rodgers participated in Priority's sale of the Broad Street Property to Phalanx, and found that Phalanx's deed was valid. *Id.* ¶¶16(m), (q)-(ii), 17, 24-25, 31-35. The trial

court also held that under Pennsylvania's recording statute, 21 P.S. § 351, Phalanx's deed took precedence over Rodgers' and Thompson's unrecorded deed from Priority because Johnson did not have constructive notice that Priority was not the owner of the Broad Street Property, specifically rejecting a claim by Rodgers that the Void Letter gave Johnson constructive notice that Priority was not the owner. Trial Court Findings of Fact and Conclusions of Law ¶¶21-28. The trial court accordingly concluded that Johnson and Phalanx were entitled to a judgment quieting title to the Broad Street Property in favor of Phalanx. *Id.* ¶36.

Rodgers filed a timely post-trial motion in which he argued the issues that he raises in this appeal. That post-trial motion was denied by operation of law, and Rodgers has appealed the judgment entered by the trial court.[2] In this appeal, Rodgers argues that the trial court did not properly consider the Void Letter and that Phalanx was not a bona fide purchaser under the recording statute.

As an initial matter, we note that Rodgers' arguments assert alleged rights of Thompson to the Broad Street Property. Thompson, however, as

_____

[2] Rodgers prematurely appealed in July 2023 before the post-trial motion was denied and before judgment was entered. Because the post-trial motion was subsequently denied and judgment was entered on December 20, 2023, this appeal is timely and is properly before us. Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

noted above, is not an appellant in this case. Although Rodgers' attorney stated in the notice of appeal that the appeal was filed on behalf of both Rodgers and Thompson, as the trial court correctly found, Trial Court Opinion at 2 n.4, there is nothing in the record from which it can be concluded that Thompson authorized Rodgers' attorney to represent him. Rodgers' attorney stated in the complaint that "Thompson has not consented to be a plaintiff in this action" and that Thompson was "joined solely pursuant to the compulsory joinder provisions of Rule 2227(b) Pa.R.C.P." and stated in his response to Johnson's and Phalanx's preliminary objections that "Thompson did not consent to become a plaintiff" and that "[h]is presence in the suit is under compulsion." Complaint ¶1(b); Memorandum in Opposition to Preliminary Objections at 25. These representations affirmatively demonstrate that the attorney was not authorized by Thompson to represent him. There is no subsequent entry of appearance or other document filed indicating that Thompson later consented to be represented by Rodgers' attorney and all party verifications accompanying the attorney's filings were by Rodgers alone as "the plaintiff" without any statement that they were authorized by Thompson. **See** Rodgers' Reply to New Matter, Motion for Summary Judgment, and Response to Motion for Summary Judgment.

Rule 2227 of the Rules of Civil Procedure provides for involuntary joinder of parties who hold "only a joint interest" with a party and permits the assertion by the litigating plaintiff of claims that he shares with the involuntary

plaintiff. Pa.R.Civ.P. 2227; *Onorato v. Wissahickon Park, Inc.*, 244 A.2d 22, 24-25 (Pa. 1968). Rule 2227 joinder, however, requires unity and identity of the interests of the litigating party and the involuntary party. *State Farm Mutual Automobile Insurance Co. v. Ware's Van Storage*, 953 A.2d 568, 573 (Pa. Super. 2008). The claims that Rodgers asserted in his complaint were claims as to which he and Thompson had an identity of interests, as those claims were based on the assertion that Priority, unbeknownst to him and Thompson, had resold the Broad Street Property to Phalanx after he and Thompson had previously purchased it from Priority. In the posture in which this case reaches this Court, however, Thompson's rights are distinct from and inconsistent with Rodgers' rights.

The trial court rejected the claims asserted by Rodgers in the complaint and found that Rodgers participated in Priority's sale of the Broad Street Property, that Rodgers represented that he had no ownership interest in the Broad Street Property and that Priority was the owner, that Rodgers delivered the deed conveying the Broad Street Property to Phalanx, and that Rodgers received payment for that sale. Trial Court Findings of Fact and Conclusions of Law ¶¶16(q)-(ii), 17, 31-35. Rodgers does not challenge those findings in this appeal, instead arguing that Phalanx's deed is invalid because Johnson allegedly had notice that Priority was not the owner. Rodgers, however, having affirmatively represented to Johnson that he had no ownership interest and that Priority was the owner, can have no valid claim that Johnson had

constructive notice that Rodgers was an owner of the Broad Street Property or that Priority was not the owner. The rights of Thompson that Rodgers seeks to assert are predicated on the contention that Rodgers' own representations to Johnson were false and that Johnson should not have believed Rodgers' representations. We do not believe that Rule 2227 authorizes a plaintiff who alleges that he owns property with another to assert claims that are possessed, if at all, solely by the other alleged co-owner, who has not raised them, where those claims of the alleged co-owner are based on the premise that the plaintiff's own conduct was fraudulent.

Even if Rodgers had standing to assert Thompson's claims, neither of Rodgers' arguments has merit. Contrary to Rodgers assertions, the trial court did properly consider the Void Letter and its findings in that regard are supported by the record. The trial court found that Rodgers gave Johnson the Void Letter when he gave Johnson the deed. Trial Court Findings of Fact and Conclusions of Law ¶¶16(jj), 17. This finding was supported by Johnson's testimony, which the trial court found credible. N.T. Trial, 3/13/23, at 290-91; Trial Court Findings of Fact and Conclusions of Law ¶17. Indeed, no other witness testified that Johnson received the Void Letter at a different time or under circumstances different than those to which Johnson testified. To the contrary, Rodgers testified that he never saw the Void Letter before he filed the quiet title action, and McKenzie testified that he did not recognize the void letter. N.T. Trial, 3/13/23, at 67-69, 133-35.

The trial court also considered and directly addressed Rodgers' arguments concerning the Void Letter, finding that the Void Letter did not constitute constructive notice that Priority was not the owner of the Broad Street Property because it stated that parties other than Priority had no interest in the Broad Street Property, not that Rodgers or Thompson had any interest in or ownership of the Broad Street Property. Trial Court Findings of Fact and Conclusions of Law ¶¶26-27; Trial Court Opinion at 24-25, 40, 44-49. This finding is supported by the record, as the Void Letter stated only that a prior transaction to purchase the Broad Street Property from Priority was not consummated. Plaintiff's Ex. 14. Rodgers argues that because the Void Letter is unsigned, it could not invalidate the prior agreement of sale or deed that Rodgers contended that he and Thompson had. That argument is without merit. The trial court did not hold that the unrecorded purchase and sale contract and unrecorded deed were voided by the Void Letter or base its decision on the invalidity of that contract or deed. Rather, it found in favor of Phalanx based on the fact that the contract and deed on which Rodgers' claims were based were unrecorded and therefore invalid against Phalanx's interest as a bona fide purchaser.

Rodgers' argument that Phalanx was not a bona fide purchaser under the recording statute likewise fails. The recording statute provides that a deed or conveyance of real property that is not recorded is void as to a subsequent bona fide purchaser who records his deed before the prior deed is recorded.

21 P.S. § 351 ("Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment, duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, without actual or constructive notice unless such deed, conveyance, contract, or instrument of writing shall be recorded, as aforesaid, before the recording of the deed or conveyance or the entry of the judgment under which such subsequent purchaser, mortgagee, or judgment creditor shall claim"); *Roberts v. Estate of Pursley*, 718 A.2d 837, 840-41 & n.6 (Pa. Super. 1998); *Poffenberger v. Goldstein*, 776 A.2d 1037, 1042 (Pa. Cmwlth. 2001). To be a bona fide purchaser whose deed is valid against a prior unrecorded deed under the recording statute, the subsequent buyer must pay valuable consideration for the property and not have actual or constructive notice of the prior interest. 21 P.S. § 351; *Roberts*, 718 A.2d at 841; *Carnegie Natural Gas Co. v. Braddock*, 597 A.2d 285, 288 (Pa. Cmwlth. 1991).

Rodgers does not dispute in this appeal that Johnson and Phalanx paid valuable consideration for the Broad Street Property. Indeed, the trial court found that they paid $44,000 for the Broad Street Property and that finding is supported by the record. Trial Court Findings of Fact and Conclusions of Law ¶¶16(u), (aa)-(gg), 17; N.T. Trial, 3/13/23, at 259-68. The sole basis on

which Rodgers contends that Phalanx was not a bona fide purchaser is that the Void Letter allegedly gave Johnson constructive notice that Priority was not the owner of the Broad Street Property.

That argument is without merit. As discussed above, the Void Letter did not notify the reader that Rodgers or Thompson had any interest in the Broad Street Property; it notified the reader only that Priority had unsuccessfully attempted to sell the Broad Street Property to them. This did not give Johnson reason to investigate further where both Rodgers and McKenzie represented to Johnson that Priority was the owner and that no prior purchase occurred and multiple records reviewed by Johnson consistently confirmed that Priority was the owner of the Broad Street Property. *Long John Silver's Inc. v. Fiore*, 386 A.2d 569 (Pa. Super. 1978), relied on by Rodgers, does not support his claim. In *Long John Silver's*, the evidence showed that the parties who were found to have notice of the prior interest had heard a rumor that another party had acquired an interest in land that they intended to lease, were told by the owner before signing the lease that the owner had entered into an agreement to sell the adjoining property that affected the land to be leased, and saw that sales agreement. *Id.* at 574-75. None of those facts are present here. To the contrary, the record shows that Johnson was told that there was no prior purchase or pending deal to sell the Broad Street Property and that he never saw Rodgers' and Thompson's purchase agreement or deed. N.T.

Trial, 3/13/23, at 290-92; N.T. Trial, 3/14/23, at 66-68, 76, 80-84, 106-08, 113.

For the foregoing reasons, Rodgers' issues do not merit relief. We therefore affirm the trial court's judgment.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/12/2024